Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BRADLEY JOHN HACKLEY, an individual,<br><br>                                   Plaintiff,<br><br>         v.<br><br>LEGACY HEALTH, a corporation,<br><br>                                   Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $155,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Bradley Hackley, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

### INTRODUCTION

This case goes to heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the very topical controversies surrounding management of the COVID-19 pandemic and the vaccine mandates that have swept the nation.

In the end, though, this case is about the Plaintiff and the unlawful religious discrimination he suffered at the hands of his employer, Legacy Health.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Bradley Hackley, lives in Portland, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon, and has its headquarters in Portland, Oregon. Plaintiff exhausted his administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about September 28, 2022.

2.

At all material times, Plaintiff was a resident of Multnomah County, Oregon and worked in Multnomah County, Oregon.

3.

At all material times, Defendant Legacy Health was regularly conducting business in the State of Oregon, specifically at the Central Laboratory, Portland, facility.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff worked as a Medical/Laboratory Courier for two years at the Defendant's facility in Portland, Oregon. Plaintiff received excellent reviews and worked without issue until the COVID-19 pandemic.

6.

Plaintiff is also deeply religious Intersectional Buddhist/Christian who is devoted to his

faith. Plaintiff is dedicated to following the tenets of his faith to the best of his ability.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with his work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities. Like so many health care workers during the pandemic, Plaintiff adjusted his life to best ensure the safety of his colleagues. Plaintiff did so with little thought to his own self because of his dedication to his work and to the Defendant's patients. Plaintiff also scrupulously followed all of Defendant's rules and regulations, to protect against infection on his delivery route, which included the wearing of personal protective equipment (herein, "PPE"), testing for COVID-19, hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary. In addition, Plaintiff volunteered and provided COVID-19 screening services to employees and the public entering the Central Laboratory.

9.

In the summer of 2021, Plaintiff was notified that the Defendant would be implementing and enforcing a vaccine mandate in the workplace. Plaintiff was informed that those individuals with religious beliefs in conflict to the vaccine and/or to the taking of the vaccine could apply for religious exceptions. As a devout Buddhist and Christian, Plaintiff had serious objections to taking the vaccine because he believes that doing so would be committing a sin, grieve the Holy Spirit and jeopardize his relationship with God. His faith also dictates that abortion is murder, so the use of fetal cell lines from abortion, used to develop or test the COVID vaccines, violates his sincerely held belief that to cooperate with or be involved with an abortion in any way, however remote, is a sin against God and a violation of His Commandments, for which he

would be held morally accountable. On or about August 23, 2021, Plaintiff filed the formal paperwork for a religious exemption.

10.

On September 27, 2021, Plaintiff was notified that his religious exemption had been denied. Plaintiff was terminated on October 1, 2021.

11.

The termination of Plaintiff's pay and medical benefits had a significantly negative impact on his life. Plaintiff was receiving regularly scheduled epidural corticosteroid injections for a pre-existing spinal cord injury and was unable to continue with treatment for over a year after being terminated by Defendant, leading to unnecessary pain and suffering.

12.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, Plaintiff's presence suddenly created an "unacceptable health and safety risk" necessitating his termination. After Plaintiff was terminated, Defendant's policy required employees to show up to work even if they had been exposed to Covid-19, if their symptoms could be treated with over-the-counter medication.

13.

Plaintiff's termination date should be treated as October 1, 2021, based on the Defendant's termination of Plaintiff's pay. Plaintiff was earning $17.50 an hour, for an annual salary of approximately $33,600.

14.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not, as claimed, to protect against an "unacceptable health and safety risk." Instead, those actions were discriminatory against Plaintiff based on his sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the

most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

15.

Because of the Defendant's unlawful termination of Plaintiff, Plaintiff has suffered economic loss and emotional distress. He also has been ostracized and stigmatized unfairly for his religious convictions.

## FIRST CLAIM FOR RELIEF

### (Unlawful Employment Discrimination Based on Religion in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

16.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Buddhism and Christianity.

17.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

18.

When Plaintiff raised his well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

19.

Instead of finding a reasonable accommodation or set of accommodations for his religious beliefs, the Defendant engaged in a series of adverse employment actions culminating

in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

20.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $55,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**SECOND CLAIM FOR RELIEF**

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**

**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

21.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

22.

Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

23.

When Plaintiff raised his well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

24.

Instead of finding a reasonable accommodation or set of accommodations for his religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

25.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $55,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $55,000.00.
2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 28th day of December, 2022.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff